**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JOAN E. VASSAR,**

      **Plaintiff,**

**vs.**                                                  **Case No. 4:16cv762-RH/CAS**

**GREYHOUND BUS LINES,
et al.,**

      **Defendants.**
_____**/**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff Joan Vassar, proceeding pro se, initiated this case on December 9, 2016, by filing a civil rights complaint, ECF No. 1, and a motion requesting leave to proceed in forma pauperis, ECF No. 2.  Good cause having been shown in Ms. Vassar's financial affidavit and supporting documentation, ECF No. 2, the motion is granted.  The Clerk of Court shall file the complaint without requiring payment of the filing fee.

The complaint has also been reviewed.  ECF No. 1.  Ms. Vassar's complaint concerns the lack of assistance provided to her when traveling on Greyhound buses.  ECF No. 1 at 3-4.  She has demonstrated that her

bus tickets are purchased and stamped "travel assistance" needed, *see*
ECF No. 1 at 5-7, but she advises that the majority of the drivers do not
help her with her luggage.  *Id.* at 3.

Although a citizen may understandably be upset to not be provided
the assistance requested, it is not a valid claim in a civil rights case.  To
state a claim under § 1983, "a plaintiff must allege facts showing that the
defendant's act or omission, done under color of state law, deprived him of
a right, privilege, or immunity protected by the Constitution or laws of the
United States."  Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985).
Thus, Ms. Vassar must demonstrate two things: that she was deprived of a
right secured under the Constitution or federal law and that the deprivation
was caused by a person acting under "color of state law."  Arrington v.
Cobb Cnty., 139 F.3d 865, 872 (11th Cir. 1998) (quoted in Bingham v.
Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)).  Ms. Vassar has not met
either requirement.  She has not shown the deprivation of any right, nor
has she shown that any named Defendant took action "under color of any
statute, ordinance, regulation custom, or usage of any State. . . ."  Fadjo v.
Coon, 633 F.2d 1172, 1174-1175 (5th Cir. 1981) (quoting Adickes v. S. H.
Kress & Co., 398 U.S. 144, 150, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142

(1970)); *see* Lugar v. Edmondson Oil Co., 457 U.S. 922, 930, 102 S. Ct. 2744, 2750, 73 L. Ed. 2d 482 (1981); Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155, 98 S. Ct. 1729, 1732, 56 L. Ed. 2d 185 (1978).  These Defendants are private persons and a private business entity, not a state official.  Accordingly, there is no need to permit the filing of an amended complaint because amending the complaint will not cure the deficiencies. This case should be dismissed.

Accordingly, it is

**ORDERED:**

1.  Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, is **GRANTED**.

2.  The Clerk of Court shall file the complaint without requiring payment of the Court's filing fee.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No.

1, be **DISMISSED** for failure to state a claim upon which relief may be

granted.


**IN CHAMBERS** at Tallahassee, Florida, on December 14, 2016.


 S/     Charles A. Stampelos                            
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



<u>**NOTICE TO THE PARTIES**</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**