IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOAN E. VASSAR,

    Plaintiff,

v.                        CASE NO. 4:16cv762-RH/CAS

GREYHOUND BUS LINES et al.,

    Defendants.

_____/

## ORDER DISMISSING THE COMPLAINT

    The plaintiff alleges she is disabled and needs assistance with her luggage and in other respects when traveling by bus. She alleges the defendant bus company sometimes provides the needed assistance but sometimes does not. The plaintiff seeks an award of damages for "emotional hardship" against the bus company and two of its employees.

    The case is before the court on the magistrate judge's report and recommendation, ECF No. 4. No objections have been filed. The recommendation is for dismissal of the amended complaint on the court's own motion.

    A plaintiff may be entitled to notice and an opportunity to be heard prior to a dismissal on the court's own motion in circumstances like these. *See, e.g., Am.*

Case No. 4:16cv762-RH/CAS

*United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th Cir. 2007); *Danow v. Borack*, 197 F. App'x 853, 856 (11th Cir. 2006); *see also Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524 (11th Cir. 1983). Here the report and recommendation gave the plaintiff adequate notice, and she had an opportunity to respond by filing objections.

The report and recommendation correctly concludes that the plaintiff has not stated a claim on which relief can be granted under 42 U.S.C. § 1983 and that the plaintiff would not be able to state such a claim even by amending her complaint. The plaintiff also has not stated a claim *for damages* under the Americans with Disabilities Act and would not be able to do so even by amending the complaint. Title III of the ADA, which addresses public accommodations, creates a private right of action for injunctive relief but not for damages. *See* 42 U.S.C. § 12188(a)(1) (setting out available remedies "to any person who is being subjected to discrimination on the basis of a disability in violation of this subchapter"); *Berkery v. Kaplan*, 518 F. App'x 813, 814 (11th Cir. 2013) ("Title III . . . provides for money damages only where the civil action is initiated by the Attorney General." (citing *Jairath v. Dyer*, 154 F.3d 1280, 1283 and n.7 (11th Cir. 1998)); *see also* 42 U.S.C. § 12188(b)(2)(B) ("[T]he court may award such other relief as the court considers to be appropriate, including monetary damages to persons aggrieved when requested by the Attorney General[.]").

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted. The complaint is dismissed.

2. The clerk must enter judgment stating, "The plaintiff's claims are dismissed with prejudice for failure to state a claim on which relief can be granted."

SO ORDERED on March 7, 2017.

                                              s/Robert L. Hinkle
                                              United States District Judge